■ DIONYSSIA PARASCHOS, Respondent, v CENTURY 21 MET-ALIOS REAL ESTATE, INC., Appellant.—In an action, inter alia,

to recover unpaid commissions, the defendant appeals from an order of the Supreme Court, Queens County (Smith, J.), dated October 10, 1990, which denied its motion to strike the matter from the trial calendar and granted the plaintiff's cross motion to the extent of setting the matter down for trial.

Ordered that the order is affirmed, with costs.

The defendant moved to strike this case from the trial calendar on the ground that the plaintiff never properly moved to vacate her default in appearing at a status conference on December 11, 1989. The defendant alleged that the case was dismissed on its oral application after the plaintiff failed to appear at the status conference, and that the case should not have been restored to the trial calendar absent a motion for such relief by the plaintiff. In denying the defendant's motion, the court specifically found that the clerk did not act improperly in keeping the matter on the trial calendar following the status conference. On appeal, the defendant has failed to offer any documentary evidence to support its contention that this case was, in fact, dismissed on December 11, 1989. Although over six months elapsed between the status conference and the trial date, the defendant did not obtain an order dismissing the action. In view of the court's determination that the matter was properly on the trial calendar, and in the absence of any proof that the case was dismissed on December 11, 1989, we conclude that the court did not err in denying the defendant's motion. While we are aware of the extensive delay in the prosecution of this case by the plaintiff, we note that the defendant failed to appeal from an order dated October 2, 1989, which vacated a dismissal of the case pursuant to CPLR 3404 and restored this matter to the trial calendar.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Lawrence, Miller and O'Brien, JJ., concur.