■ ANNA CAPRIGLIONE, Appellant, v LORELL RIVERA, Respondent. [919 NYS2d 882]—

In an action to recover damages for personal injuries, the

plaintiff appeals (1), as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated April 9, 2010, as granted the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court entered June 4, 2010, which, upon the order, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contentions, the Supreme Court correctly determined that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to submit any affirmations or affidavits of her treating physicians, or medical records in admissible form, of any medical findings contemporaneous with the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 350-351; *Rush v Kwan Chiu*, 79 AD3d 1004, 1005 [2010]; *Posa v Guerrero*, 77 AD3d 898, 899 [2010]).

Since the plaintiff failed to raise a triable issue of fact in opposition, the Supreme Court properly granted the defendant's cross motion for summary judgment dismissing the complaint. Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.