Maria Kolodziej, Respondent, v Joseph V. Savarese, Appellant. [931 NYS2d 509]—

The defendant met his prima facie burden of demonstrating his entitlement to judgment as a matter of law by providing competent medical evidence establishing, prima facie, that the plaintiff did not sustain injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. The report the plaintiff submitted from her treating physician who examined her five days after the accident was unaffirmed, and, therefore, did not constitute competent medical evidence setting forth findings made contemporaneously with the accident (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Capriglione v Rivera*, 83 AD3d 639, 640 [2011]).

In addition, the defendant provided evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d). In opposition, the plaintiff failed to raise a triable issue of fact (*see Lewars v Transit Facility Mgt. Corp.*, 84 AD3d 1176 [2011]; *Catalano v Kopmann*, 73 AD3d 963, 965 [2010]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In light of the limited scope of the notice of appeal, the defendant's contentions regarding the plaintiff's cross motion for summary judgment on the issue of liability are not properly before this Court (*see Royal v Brooklyn Union Gas Co.*, 122 AD2d 132, 133 [1986]). Skelos, J.P., Angiolillo, Lott and Roman, JJ., concur.