■ JOSE DIAZ, Appellant, v ABDUL R. CHAUDHRY et al., Respondents. [935 NYS2d 901]—

Ordered that the order entered September 30, 2010, is affirmed insofar as appealed from, with costs.

While we affirm the order entered September 30, 2010, insofar as appealed from, we do so, in part, on a ground not relied upon by the Supreme Court.

The Supreme Court providently exercised its discretion in granting the defendants' motion to vacate their default in opposing the plaintiff's motion for leave to renew his opposition to

their summary judgment motion, as their claim of law office failure was supported by a detailed and credible explanation of the default (*see Kohn v Kohn*, 86 AD3d 630 [2011]; *Remote Meter Tech. of NY, Inc. v Aris Realty Corp.*, 83 AD3d 1030 [2011]). Moreover, the defendants demonstrated the existence of a potentially meritorious opposition.

Contrary to the plaintiff's assertion on appeal, the Supreme Court, upon renewal, did not err in adhering to its initial determination granting the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In support of their motion for summary judgment, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury to his right knee under the permanent consequential limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Upon renewal, the vast majority of the plaintiff's medical submissions in opposition to the defendants' showing failed to raise a triable issue of fact since they were not in admissible form (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Kolodziej v Savarese*, 88 AD3d 851 [2011]; *Capriglione v Rivera*, 83 AD3d 639, 640 [2011]), while the contents of the remainder of the submissions were factually insufficient. Furthermore, the plaintiff failed to adequately explain the cessation of his treatment after 2003 (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Vasquez v John Doe #1*, 73 AD3d 1033, 1034 [2010]; *Haber v Ullah*, 69 AD3d 796 [2010]).

Since the new facts submitted by the plaintiff on the motion for leave to renew were insufficient to change the prior determination (*see* CPLR 2221 [e]), the Supreme Court correctly determined that the plaintiff, upon renewal, failed to raise a triable issue of fact. Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.