■ Aurora Loan Services, LLC, Respondent, v Shakil Ahmed, Appellant, et al., Defendants. [996 NYS2d 92]—

In an action to foreclose a mortgage, the defendant Shakil Ahmed appeals from (1) an order of the Supreme Court, Queens County (Nahman, J.), dated July 25, 2012, which granted that branch of the plaintiff's motion which was to vacate an order of the same court dated April 27, 2012, granting his unopposed motion for leave to reargue and renew his prior motion to vacate a judgment of foreclosure and sale dated March 11, 2009, entered upon his default in appearing and answering the complaint, and granted leave to the plaintiff to oppose his motion for leave to reargue and renew, and (2) an order of the same court entered October 4, 2012, which denied, on the merits, his motion for leave to reargue and renew his prior motion to vacate the judgment of foreclosure and sale entered upon his default.

Ordered that the appeal from so much of the order entered October 4, 2012, as denied that branch of the defendant Shakil Ahmed's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated July 25, 2012, is affirmed; and it is further,

Ordered that the order entered October 4, 2012, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (*Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 893 [2014] [internal quotation marks and citation omitted]; *see Braynin v Dunleavy*, 109 AD3d 571 [2013]; *Diaz v Chaudhry*, 91 AD3d 590 [2012]). "A motion to vacate a default is addressed to the sound discretion of the mo-

tion court" (*Braynin v Dunleavy*, 109 AD3d at 571; *see Kohn v Kohn*, 86 AD3d 630 [2011]).

Here, the plaintiff demonstrated a reasonable excuse for its default in opposing the motion of the defendant Shakil Ahmed for leave to reargue and renew Ahmed's prior motion to vacate a judgment of foreclosure and sale entered upon Ahmed's default in answering and appearing. The plaintiff set forth a sufficiently detailed and credible account of law office failure to explain its default in opposing Ahmed's motion, and the Supreme Court providently exercised its discretion in accepting that explanation (*see Rocco v Family Foot Ctr.*, 94 AD3d 1077 [2012]; *Kohn v Kohn*, 86 AD3d 630 [2011]; *Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d 389, 392 [2008]). The plaintiff also demonstrated the existence of a potentially meritorious opposition to Ahmed's motion for leave to reargue and renew (*see Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893 [2014]; *Diaz v Chaudhry*, 91 AD3d 590 [2012]). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to vacate its default in opposing Ahmed's motion and in granting the plaintiff leave to oppose the motion.

Upon the submission of the plaintiff's opposition and Ahmed's reply papers, the Supreme Court properly denied, on the merits, that branch of Ahmed's motion which was for leave to renew. Ahmed did not provide new facts or new law that would change the court's prior determination to deny Ahmed's motion to vacate the judgment of foreclosure and sale entered upon his lengthy default in appearing and answering (*see* CPLR 2221 [e] [3]; *Wells Fargo Bank, N.A. v Russell*, 101 AD3d 860 [2012]). Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.