■ Bayview Loan Servicing, LLC, Appellant, v Dario Martano et al., Respondents, et al., Defendants. [18 NYS3d 71]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 21, 2012, which, sua sponte, directed the dismissal of the complaint without prejudice, upon the plaintiff's failure to appear at a conference on April 13, 2011, and (2) an order of the same court dated March 15, 2013, which denied its motion to vacate its default in appearing at the conference on April 13, 2011, to vacate the order dated

September 21, 2012, and to restore the action to the active calendar.

Ordered that the order dated March 15, 2013, is reversed, on the law and in the exercise of discretion, and the plaintiff's motion to vacate its default in appearing at the conference on April 13, 2011, to vacate the order dated September 21, 2012, and to restore the action to the active calendar is granted; and it is further,

Ordered that the appeal from the order dated September 21, 2012, is dismissed, as no appeal lies as of right from an order which does not determine a motion made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal since the appeal is academic in light of our determination of the appeal from the order dated March 15, 2013; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The instant mortgage foreclosure action was commenced in August 2006. After the referee issued a report dated July 26, 2010, finding that as of June 15, 2010, the sum of $842,982.98 was owed, the plaintiff failed to appear at a conference on April 13, 2011. In an order dated April 13, 2011, the presiding Judicial Hearing Officer stated that "this case should be dismissed" on the ground that the plaintiff "has failed to appear and offered no excuse." The matter was adjourned to April 26, 2011, but it did not appear on the calendar for that date, because it had been marked off the calendar. The defendant never moved to dismiss the action for the plaintiff's failure to appear at the April 13, 2011, conference.

By notice of motion dated June 26, 2012, the plaintiff moved, inter alia, to confirm the referee's report as to the amount owed pursuant to the mortgage. The motion appeared on the calendar on August 17, 2012, when there was a settlement conference. The matter was adjourned to September 21, 2012, for a conference. On that date, the parties appeared, and the court sua sponte directed the dismissal of the action without prejudice, based upon the plaintiff's failure to appear on April 13, 2011, and pursuant to the "suggest[ion]" of the Judicial Hearing Officer in the order dated April 13, 2011.

By notice of motion dated February 7, 2013, the plaintiff moved to vacate its default in appearing at the conference on April 13, 2011. As a reasonable excuse for the default, the plaintiff asserted that, on March 24, 2011, its former attorney was instructed to transfer the file to the plaintiff's current attorney, but the former attorney did not do so until April 20, 2011. As of April 13, 2011, the former attorney was still attorney of record. However, when contacted by the Supreme

Court and asked for an explanation as to why he did not appear at the conference on April 13, 2011, the former attorney informed the court that he was no longer attorney of record.

The Supreme Court denied the plaintiff's motion, concluding that the plaintiff's motion should have been "one for reargument and not . . . a motion to vacate an order," and based upon "multiple defaults" which were not excused by "good cause or excusable as law office failure." The court also considered that the plaintiff waited several months after the order dated September 21, 2012, was issued before moving to vacate its default.

Contrary to the Supreme Court's conclusion, the proper way to address the sua sponte dismissal of the action based upon a failure to appear at a conference was a motion to vacate the default, not a motion for reargument (see Rosas v Stieg, 108 AD3d 693 [2013]). Further, the defendant was not prejudiced and does not claim any prejudice from the plaintiff's delay of approximately 4½ months before moving to vacate the order dated September 21, 2012. Rather, it appears that the plaintiff may have been prejudiced by the 17-month delay between the default and the dismissal of the action based upon that default, during which the six-year statute of limitations (see CPLR 213 [4]) expired, precluding the plaintiff from recommencing the action, despite the fact that the action was dismissed without prejudice.

There was no basis in this record for the dismissal of this action 17 months after the plaintiff failed to appear at a conference (see Paraschos v Century 21 Metalios Real Estate, 187 AD2d 707, 708 [1992]). In any event, the plaintiff established a reasonable excuse for the default, based upon a specific claim of law office failure (see S.R. Garden City, LLC v Magnacare, LLC, 114 AD3d 925 [2014]), and a potentially meritorious cause of action.

In view of the foregoing, we reverse the order dated March 15, 2013, and grant the plaintiff's motion to vacate its default, vacate the order dated September 21, 2012, and restore the action to the active calendar. Leventhal, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.