Bank of N.Y. Mellon Trust Co., N.A. v Sukhu (2018 NY Slip Op 05270)





Bank of N.Y. Mellon Trust Co., N.A. v Sukhu


2018 NY Slip Op 05270


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-02774
2016-09785
 (Index No. 20104/09)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Sharry Sukhu, appellant, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Michael Zimmerman of counsel), for appellant.
Greenberg Traurig, LLP, New York, NY (Daniel R. Milstein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Sharry Sukhu appeals from (1) an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Denis J. Butler, J.), entered December 17, 2015, and (2) an order of the same court dated June 10, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendant Sharry Sukhu which were pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale entered upon her default in opposing the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and, thereupon, to dismiss the complaint insofar as asserted against her for failure to comply with RPAPL 1303 and failure to provide notice of her default as required by the terms of the mortgage. The appeal from the order and judgment of foreclosure and sale entered December 17, 2015, brings up for review an order of the same court dated December 2, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, and an order of the same court dated July 12, 2011, denying the motion of the defendant Sharry Sukhu pursuant to CPLR 5015(a)(3) to vacate the order dated December 2, 2010.
ORDERED that the appeal from the order and judgment of foreclosure and sale entered December 17, 2015, is dismissed, except insofar as it brings up for review the order dated [*2]December 2, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, and the order dated July 12, 2011, denying the motion of the defendant Sharry Sukhu to vacate the order dated December 2, 2010; and it is further,
ORDERED that the order and judgment of foreclosure and sale entered December 17, 2015, is affirmed insofar as reviewed; and it is further,
ORDERED that the order dated June 10, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage. The defendant Sharry Sukhu (hereinafter the defendant) answered the complaint and asserted the affirmative defenses of the statute of limitations, failure to state a cause of action, lack of personal jurisdiction, and lack of standing. The plaintiff later moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for the appointment of a referee to determine the amount due. The defendant opposed the motion. By order dated December 2, 2010, the Supreme Court granted the plaintiff's motion. Thereafter, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order dated December 2, 2010. By order dated July 12, 2011, the court denied the defendant's motion. On December 17, 2015, the court granted the plaintiff's motion, unopposed by the defendant, to confirm the referee's report and for a judgment of foreclosure and sale, and entered a judgment of foreclosure and sale. The defendant subsequently moved, inter alia, to vacate her default in opposing the plaintiff's motion and, thereupon, to dismiss the complaint insofar as asserted against her. By order dated June 10, 2016, the court denied the defendant's motion. The defendant appeals from the order and judgment of foreclosure and sale entered December 17, 2015, and the order dated June 10, 2016.
No appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511; Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846; Deutsche Bank Natl. Trust Co. v Jagroop, 104 AD3d 723). Nonetheless, the appeal from a judgment brings up for review those "matters which were the subject of contest" before the Supreme Court (James v Powell, 19 NY2d 249, 256 n 3; see HSBC Mtge. Corp. [USA] v MacPherson, 89 AD3d 1061; Credit-Based Asset Servicing & Securitization v Chaudry, 304 AD2d 708). Accordingly, in this case, review is limited to so much of the order and judgment of foreclosure and sale as brings up for review the order dated December 2, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint, and the order dated July 12, 2011, denying the defendant's motion, inter alia, to vacate the order dated December 2, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint.
We agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment on the complaint. Here, the plaintiff's standing was placed in issue by the affirmative defense asserted in the defendant's answer. Consequently, on its motion for summary judgment, the plaintiff was required to prove its standing as part of its prima facie showing (see Deutsche Bank Natl. Trust Co. v Idarecis, 133 AD3d 702, 703; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973; U.S. Bank, N.A. v Collymore, 68 AD3d 752). A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the [*3]action with the filing of the complaint (see Aurora Loan Servs., LLC v. Taylor, 25 NY3d 355, 361-362; US Bank N.A. v Cohen, 156 AD3d 844, 845-846; U.S. Bank, N.A. v Noble, 144 AD3d 786; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 753-754).
The plaintiff demonstrated its standing based on its status as an assignee of the note as of the date the action was commenced (see U.S. Bank N.A. v Cox, 148 AD3d 962; Deutsche Bank Natl. Trust Co. v Romano, 147 AD3d 1021; U.S. Bank N.A. v Akande, 136 AD3d 887; Emigrant Bank v Larizza, 129 AD3d 904; Chase Home Fin., LLC v Miciotta, 101 AD3d 1307, 1307-1308), "and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d at 754; see Bank of N.Y. Mellon v Lopes, 158 AD3d 662). In opposition, the defendant failed to raise a triable issue of fact.
The defendant's contention that the plaintiff failed to demonstrate compliance with RPAPL 1303 and the notice of default provision in the mortgage is not properly before this Court, as those issues were not raised before the Supreme Court in opposition to the plaintiff's motion (see Nationstar Mtge., LLC v Kamil, 155 AD3d 968; 40 BP, LLC v Katatikarn, 147 AD3d 710).
We also agree with the Supreme Court's denial of the defendant's motion, inter alia, pursuant to CPLR 5015(a)(3) to vacate the order dated December 2, 2010, granting the plaintiff's motion, inter alia, for summary judgment on the complaint. The defendant failed to meet her burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff that would warrant vacatur of the order dated December 2, 2010, pursuant to CPLR 5015(a)(3) (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 945-946; Golden First Bank v Tal, 136 AD3d 974; Citimortgage, Inc. v Bustamante, 107 AD3d 752).
Finally, "[i]n order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (Hudson City Sav. Bank v Bomba, 149 AD3d 704, 705; see NYCTL 1998-2 Trust v McGill, 138 AD3d 1077, 1078; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612 [internal quotation marks omitted]; see Hudson City Sav. Bank v Bomba, 149 AD3d at 705; Aurora Loan Servs., LLC v Ahmed, 122 AD3d at 557-558).
Here, the defendant failed to offer a reasonable excuse for her default in opposing the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale (see Turko v Daffy's, Inc., 111 AD3d 615). Even if the defendant had demonstrated a reasonable excuse for her default, she failed to offer a potentially meritorious defense to the action (see Signature Bank v Epstein, 95 AD3d 1199; Long Is. Sav. Bank, FSB v Mihalios, 269 AD2d 502; First N. Mortgagee Corp. v Yatrakis, 154 AD2d 433, 433-434). Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's motion which were pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale entered upon her default and, thereupon, to dismiss the complaint insofar as asserted against her.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court