Nationstar Mtge., LLC v Simmonds (2019 NY Slip Op 02529)





Nationstar Mtge., LLC v Simmonds


2019 NY Slip Op 02529


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-00578
 (Index No. 31112/09)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Gertrude Simmonds, respondent, et al., defendants.


Akerman LLP, New York, NY (Jordan M. Smith and Joseph M. DeFazio of counsel), for appellant.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated December 7, 2016. The order denied the plaintiff's motion to vacate an order of the same court dated June 25, 2013, sua sponte, dismissing the complaint, without prejudice, upon the plaintiff's failure to appear at a scheduled status conference.
ORDERED that the order dated December 7, 2016, is affirmed, with costs.
In December 2009, the plaintiff commenced this action to foreclose the mortgage of the defendant Gertrude Simmons (hereinafter the defendant). The defendant did not appear in the action. For approximately three years, the plaintiff took no action toward a judgment of foreclosure and sale other than an ex parte motion for an order of reference. That motion was made in February 2010 but withdrawn in December 2010. The plaintiff changed attorneys in December 2011. In an order dated June 25, 2013 (hereinafter the June 2013 order), upon the plaintiff's failure to appear at a scheduled status conference, the Supreme Court, sua sponte, dismissed the complaint, without prejudice.
Two years later, in July 2015, the plaintiff's successor counsel filed a motion to vacate the June 2013 order. In support of that motion, successor counsel submitted the affirmation of one of its attorneys, who stated that, due to "law office confusion due to a substitution of counsel coupled with administrative error, the appropriate department at our firm was not made aware of the scheduled status conference hearing date." The attorney's affirmation misstated the date of the missed status conference by almost two months, listing it as August 21, 2013, rather than June 25, 2013. The plaintiff subsequently withdrew its motion to vacate the June 2013 order.
In September 2016, represented by yet another law firm, the plaintiff moved to vacate the June 2013 order and to restore the case to active status. In support of this new motion, the plaintiff's new attorneys asserted, without supporting evidence, that the plaintiff's prior counsel had not been aware until January 2015 that the complaint had been dismissed in June 2013. By order dated December 7, 2016, the Supreme Court denied the plaintiff's motion to vacate the June 2013 [*2]order. The plaintiff appeals.
"A plaintiff seeking to vacate a default in appearing at a conference is required to demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action" (OneWest Bank, FSB v Singer, 153 AD3d 714, 716; see CPLR 5015[a][1]; Bayview Loan Servicing, LLC v Martano, 131 AD3d 1187, 1189). Although "[a] motion to vacate a default is addressed to the sound discretion of the motion court" (Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557-558 [internal quotation marks omitted]), the defaulting party must submit evidence in admissible form establishing both a reasonable excuse and a potentially meritorious cause of action or defense (see Option One Mtge. Corp. v Rose, 164 AD3d 1251, 1252).
Here, the plaintiff failed to demonstrate a reasonable excuse for its default. Although a specific claim of law office failure can constitute a reasonable excuse (see Bayview Loan Servicing, LLC v Martano, 131 AD3d at 1189), a vague and unsubstantiated assertion of law office failure, such as the one asserted by the plaintiff here, does not constitute a reasonable excuse for a default (see Option One Mtge. Corp. v Rose, 164 AD3d at 1252). Since the plaintiff failed to establish a reasonable excuse for its default, it is not necessary to consider whether it demonstrated a potentially meritorious cause of action (see id. at 1253; OneWest Bank, FSB v Singer, 153 AD3d at 717).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion to vacate the June 2013 order.
SCHEINKMAN, P.J., BALKIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court