Bank of N.Y. Mellon v Faragalla (2019 NY Slip Op 05641)





Bank of N.Y. Mellon v Faragalla


2019 NY Slip Op 05641


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-01179
 (Index No. 712672/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Tahany Faragalla, et al., appellants, et al., defendants.


Druckman Law Group PLLC, Westbury, NY (Stuart L. Druckman of counsel), for appellants.
Mordente Law Firm LLC, Fresh Meadows, NY (Anthony R. Mordente of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Tahany Faragalla and Mounir Hanna appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered December 12, 2016. The order, insofar as appealed from, denied that branch of the motion of those defendants which was pursuant to CPLR 2005 and 5015(a) to vacate their default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the motion of the defendants Tahany Faragalla and Mounir Hanna which was pursuant to CPLR 2005 and 5015(a) to vacate their default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against them is granted.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendants Tahany Faragalla and Mounir Hanna (hereinafter together the appellants). On or about April 14, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants. The appellants did not submit opposition papers or appear on the return date of the motion to request an adjournment. Subsequently, the appellants moved, among other things, pursuant to CPLR 2005 and 5015(a) to vacate their default in opposing the plaintiff's motion. In the order appealed from, the Supreme Court, inter alia, denied that branch of the appellants' motion which was to vacate their default.
A party seeking to vacate a default in opposing a motion or in appearing at a conference must demonstrate both a reasonable excuse for its default and a potentially meritorious cause of action or defense (see CPLR 5015[a][1]; OneWest Bank, FSB v Singer, 153 AD3d 714, 715-716; Flagstar Bank, FSB v Damaro, 145 AD3d 858, 859-860; Bayview Loan Servicing, LLC v Martano, 131 AD3d 1187, 1189; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138).
"A motion to vacate a default is addressed to the sound discretion of the motion [*2]court" (Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557-558 [internal quotation marks omitted]; see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; Forward Door of N.Y., Inc. v Forlader, 41 AD3d 535). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 908; see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614; Fried v Jacob Holding, Inc., 110 AD3d 56, 60).
Under the circumstances presented here, the appellants set forth a reasonable excuse for their failure to appear at the centralized motion part of the Supreme Court on the return date of the plaintiff's motion based on evidence of law office failure. In an affirmation, the appellants' attorney explained that upon receiving the plaintiff's motion, he directed his office's legal assistant to note the return date of the motion on the office calendar, but that the return date had not been noted on the calendar. In addition, the appellants demonstrated a potentially meritorious defense based upon the statute of limitations. Thus, the Supreme Court improvidently exercised its discretion in denying that branch of the appellants' motion which was to vacate their default in opposing the plaintiff's motion, inter alia, for summary judgment (see Flagstar Bank, FSB v Damaro, 145 AD3d at 859-860; U.S. Bank, N.A. v Bukobza, 142 AD3d 1070, 1071; Bank of N.Y. v Segui, 120 AD3d 1369, 1373-1374; see also CPLR 2005; Bayview Loan Servicing, LLC v Martano, 131 AD3d 1187, 1189).
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court