■ STEVEN WECK et al., Appellants, v BRENDA BRETT et al., Respondents. [733 NYS2d 877] —In an action to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated July 17, 2000, as granted the defendants' motion to vacate an order of the same court (Lockman, J.), dated October 19, 1999, granting the plaintiffs' motion for summary judgment on the issue of liability upon the defendants' default

in opposing the motion, and thereupon denied that motion, *sua sponte* granted the defendants leave to amend their answer to assert the affirmative defense of qualified privilege, and thereupon found that the affirmative defense of the Statute of Limitations barred the cause of action to recover damages for defamation based on statements made by the defendant Brenda Brett to a third party.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, *sua sponte,* granted the defendants leave to amend their answer to assert the affirmative defense of qualified privilege and found·that the affirmative defense of the Statute of Limitations barred the cause of action to recover damages for defamation based on statements made by the defendant Brenda Brett to a third party is deemed an application for leave to appeal from those parts of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting the defendants' motion pursuant to CPLR 5015 to vacate a prior order of the same court dated October 19, 1999 (*see, Bellevue-Santiago v City Ready Mix,* 270 AD2d 441; *Ruben v American & Foreign Ins. Co.,* 185 AD2d 63). Contrary to the plaintiffs' contention, the Supreme Court properly found that material issues of fact exist which require a jury trial on the issue of liability (*see, WFB Telecommunications v NYNEX Corp.,* 188 AD2d 257; *Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate,* 129 AD2d 488).

The plaintiffs contend that the Supreme Court improvidently exercised its discretion in, *sua sponte,* granting the defendants leave to amend their answer to assert the affirmative defense of qualified privilege and finding that the affirmative defense of the Statute of Limitations barred the cause of action to recover damages for defamation based on statements made by the defendant Brenda Brett to a third party in August 1996. We disagree. Under the facts and circumstances of this case, the Supreme Court providently exercised its discretion in granting the defendants leave to amend their answer to assert the affirmative defense of qualified privilege, as the plaintiffs failed to establish that any prejudice will result as a consequence thereof. Similarly, the Supreme Court properly found that the Statute of Limitations barred the cause of action to recover damages based on statements alleged to have been made by

the defendant Brenda Brett to a third party in August 1996, as that cause of action is barred by the one-year Statute of Limitations applicable to defamatory statements (see, CPLR 215 [3]).

The plaintiffs remaining contentions are without merit. Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.