(August 21, 2013)

■ ALEKSANDR BRAYNIN, Appellant, v EDWARD K. DUNLEAVY et al., Respondents. [970 NYS2d 611]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Saitta, J.), dated June 14, 2012, which granted the defendants' motion pursuant to CPLR 5015 (a) (1) to vacate a prior order of the same court dated February 23, 2012, granting his prior motion for summary judgment on the issue of liability, upon the defendants' default in opposing the motion, and thereupon denied his motion for summary judgment on the issue of liability.

Ordered that the order dated June 14, 2012, is affirmed, with costs.

The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability after the defendants failed to appear in opposition to it. The defendants subsequently moved to vacate the order granting the plaintiff's motion. Upon granting the defendants' motion to vacate, the Supreme Court denied the plaintiff's motion for summary judgment.

A motion to vacate a default is addressed to the sound discretion of the motion court (see Kohn v Kohn, 86 AD3d 630, 630 [2011]; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150, 1150 [2011]). In determining whether to vacate an order that granted a motion on default, the court must determine whether the party seeking vacatur has demonstrated a reasonable excuse for its default and a potentially meritorious opposition to the motion (see CPLR 5015 [a] [1]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392 [2008]).

On this appeal, the plaintiff does not contend that the defend-

ants lacked a reasonable excuse for their default, but only that they had no meritorious opposition to his summary judgment motion. We conclude that the defendants demonstrated a potentially meritorious opposition to the motion. Indeed, the plaintiff's own moving papers demonstrated the existence of a triable issue of fact as to whether the defendants were at fault in the happening of the accident (*see Gyokchyan v City of New York*, 106 AD3d 780, 781-782 [2013]; *Harris v 11 W. 42 Realty Invs., LLC*, 98 AD3d 1084 [2012]; *Acevedo v New York City Tr. Auth.*, 97 AD3d 515, 516-517 [2012]). Accordingly, the Supreme Court did not improvidently exercise its discretion in granting the defendants' motion to vacate their default and, upon vacatur, the Supreme Court correctly denied the plaintiff's motion for summary judgment on the issue of liability (*see Weck v Brett*, 288 AD2d 466, 467 [2001]; *cf. Simpson v Tommy Hilfiger U.S.A., Inc.*, 48 AD3d at 392). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.