■ New Century Mortgage Corporation, Respondent, v Chinni K. Chimmiri, Appellant, et al., Defendants. [45 NYS3d 209]—

In an action to foreclose a mortgage, the defendant Chinni K. Chimmiri appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered May 19, 2014, which denied his motion pursuant to CPLR 5015 to vacate an order of the same court (Cullen, J.) dated December 24, 2009, which granted the plaintiff's unopposed motion for summary judgment on the complaint, to strike his answer, and for an order of reference.

Ordered that the order entered May 19, 2014, is affirmed, with costs.

The plaintiff commenced this mortgage foreclosure action against, among others, Chinni K. Chimmiri (hereinafter the defendant), alleging that he defaulted on his residential mortgage payment obligations on or about November 1, 2006. The defendant filed a pro se answer generally denying the allegations. The plaintiff moved for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant failed to oppose the motion. By order dated December 24, 2009, the Supreme Court granted the plaintiff's motion. Notice of entry of the order was served upon the defendant on March 23, 2010.

In February 2014, the defendant moved pursuant to CPLR 5015 to vacate the order dated December 24, 2009. The plaintiff opposed the motion. By order entered May 19, 2014, the Supreme Court denied the motion as untimely. The defendant appeals.

The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015 to vacate the order dated December 24, 2009. " 'In order to vacate a default in opposing a motion pursuant to CPLR 5015 (a) (1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion' " (*Aurora Loan Servs., LLC v Ahmed*, 122 AD3d 557, 557 [2014], quoting *Delvalle v Mercedes Benz USA, LLC*, 117 AD3d 893, 893 [2014]; *see Braynin v Dunleavy*, 109 AD3d 571 [2013]). Such motion must be "made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (CPLR 5015 [a] [1]). "A motion to vacate a default is addressed to the sound discretion of the motion court" (*Braynin v Dunleavy*, 109 AD3d at 571). Here, where the motion to vacate the order dated December 24, 2009, was made nearly four years after service of the notice of entry, the court providently exercised its discretion in denying the motion as untimely. In any event, the record reflects that the defendant failed to demonstrate a reasonable excuse for his initial default in opposing the plaintiff's motion for summary judgment. Inasmuch as the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the motion (*see Delvalle v Mercedes Benz USA, LLC*, 117 AD3d at 894; *Turko v Daffy's, Inc.*, 111 AD3d 615, 617 [2013]; *Herrera v MTA Bus Co.*, 100 AD3d 962, 963 [2012]).

Furthermore, the Supreme Court properly denied the defendant's motion insofar as it was made pursuant to CPLR 5015 (a) (3). CPLR 5015 (a) (3) permits a court to relieve a party from an order or judgment on the ground of "fraud, misrepresentation, or other misconduct of an adverse party." "While there is no specific time limit within which to move under this provision, the motion must be made within a reasonable time" (*Empire State Conglomerates v Mahbur*, 105 AD3d 898, 899 [2013]; *see Bank of N.Y. v Stradford*, 55 AD3d 765 [2008]; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]). Here, the court providently exercised its discretion in denying the motion, as it was not made within a reasonable time (*see Empire State Conglomerates v Mahbur*, 105 AD3d at 899). In any event, the circumstances cited by the defendant

failed to establish that the plaintiff procured the order by fraud, misrepresentation, or other misconduct (*see id.* at 899; *Tribeca Lending Corp. v Crawford*, 79 AD3d 1018, 1020 [2010]; *Bank of N.Y. v Stradford*, 55 AD3d at 765-766; *Aames Capital Corp. v Davidsohn*, 24 AD3d at 475).

The defendant's remaining contentions are without merit. Chambers, J.P., Cohen, Maltese and Barros, JJ., concur.