Chase Home Fin., LLC v Weinfeld (2018 NY Slip Op 01899)





Chase Home Fin., LLC v Weinfeld


2018 NY Slip Op 01899


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-08672
 (Index No. 12870/08)

[*1]Chase Home Finance, LLC, appellant, 
v
Baila Weinfeld, respondent, et al., defendants.


Rosicki, Rosicki & Associates, P.C., Plainview, NY (Lijue T. Philip of counsel), for appellant.
Beth E. Goldman, New York, NY (Timothy D. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated March 4, 2016. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of that court dated October 23, 2015, granting the cross motion of the defendant Baila Weinfeld to vacate her default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint, and directing her, in effect, to serve an amended answer within 60 days, and thereupon vacated an order of that court (Lawrence Knipel, J.) dated August 12, 2009, granting the plaintiff's unopposed motion for summary judgment on the complaint and to strike her answer.
ORDERED that the order dated March 4, 2016, is reversed insofar as appealed from, on the law, with costs, upon reargument, the determination in the order dated October 23, 2015, is vacated, the cross motion of the defendant Baila Weinfeld to vacate her default in opposing the plaintiff's motion is denied, and the order dated August 12, 2009, is reinstated.
In April 2008, the plaintiff commenced this action against, among others, the defendant Baila Weinfeld, seeking to foreclose a mortgage on Weinfeld's home in Brooklyn. After Weinfeld served an answer, the plaintiff moved for summary judgment on the complaint and to strike Weinfeld's answer. In an order dated August 12, 2009, the Supreme Court granted the plaintiff's unopposed motion.
The plaintiff subsequently moved for a judgment of foreclosure and sale. Weinfeld cross-moved to vacate her default in opposing the plaintiff's motion for summary judgment on the complaint and to strike her answer. In an order dated October 23, 2015, the Supreme Court granted Weinfeld's cross motion and directed Weinfeld, in effect, to serve an amended answer within 60 days. Subsequently, the plaintiff moved for leave to reargue its opposition to Weinfeld's cross motion. In an order dated March 4, 2016, the court, upon reargument, inter alia, adhered to its original determination in the order dated October 23, 2015, and also vacated the order dated August 12, 2009. The plaintiff appeals.
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially [*2]meritorious opposition to the motion" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; see Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). Such a motion must be "made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (CPLR 5015[a][1]; see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894). Here, Weinfeld's cross motion to vacate her default in opposing the plaintiff's motion for summary judgment on the complaint and to strike her answer was made six years after service of the order with notice of entry. Accordingly, the cross motion was untimely (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894). In any event, the record reflects that Weinfeld failed to demonstrate a reasonable excuse for her default and a potentially meritorious opposition to the motion (see id.). Therefore, the Supreme Court improperly granted Weinfeld's cross motion and improperly vacated the order dated August 12, 2009, granting the plaintiff's motion.
Weinfeld's remaining contentions are without merit.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court