Ackerman v Berkowitz (2019 NY Slip Op 06375)





Ackerman v Berkowitz


2019 NY Slip Op 06375


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07372
 (Index No. 14997/15)

[*1]David Ackerman, appellant, 
v
Sarah Berkowitz, etc., et al., respondents.


David Ackerman, Brooklyn, NY, appellant pro se.
Lee M. Nigen, Lake Success, NY, for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated April 10, 2017. The order denied the plaintiff's motion, inter alia, to vacate an order of the same court dated April 18, 2016, granting the defendants' cross motion to dismiss the complaint, upon the plaintiff's failure to appear at oral argument.
ORDERED that the order dated April 10, 2017, is affirmed, with costs.
In order to vacate his default in appearing for oral argument on April 18, 2016, the plaintiff was required to demonstrate both a reasonable excuse for his failure to appear and a potentially meritorious cause of action (see CPLR 5015[a][1]; Option One Mtge. Corp. v Rose, 164 AD3d 1251). The plaintiff's motion to vacate his default was addressed to the sound discretion of the Supreme Court (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894).
We agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was to vacate his default in appearing for oral argument. The plaintiff failed to offer a reasonable excuse for failing to appear on April 18, 2016, and failed to demonstrate a potentially meritorious cause of action (see Wachovia Mtge., FSB v Coleman, 170 AD3d 1244; Ki Tae Kim v Bishop, 156 AD3d 776).
The plaintiff's remaining contentions are without merit.
AUSTIN, J.P., MILLER, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court