Wells Fargo Bank, N.A. v Fattizzo (2020 NY Slip Op 02946)





Wells Fargo Bank, N.A. v Fattizzo


2020 NY Slip Op 02946


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-00409
 (Index No. 19736/11)

[*1]Wells Fargo Bank, N.A., respondent,
v
Antonio Fattizzo, appellant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C. (Reed Smith LLP, New York, NY [Michael V. Margarella and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), entered November 21, 2017. The order, inter alia, denied that branch of the defendant's motion which was pursuant to CPLR 5015 to vacate an order of the same court (Ralph T. Gazzillo, J.) dated October 30, 2015, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint, to strike his answer, and for an order of reference.
ORDERED that the order entered November 21, 2017, is affirmed, with costs.
The plaintiff commenced this mortgage foreclosure action against the defendant alleging that he defaulted on his mortgage payment obligations. The defendant served an answer generally denying the allegations. The plaintiff moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant failed to oppose the motion. By order dated October 30, 2015, the Supreme Court granted the plaintiff's motion.
In September 2016, the defendant moved, among other things, pursuant to CPLR 5015 to vacate his default in opposing the plaintiff's motion for summary judgment and the resulting order dated October 30, 2015, granting the plaintiff's summary judgment motion. By order entered November 21, 2017, the Supreme Court denied the defendant's motion. The defendant appeals.
The Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015 to vacate his default. "In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557; Delvalle v Mercedes Benz USA, LLC, 117 AD3d 893, 893). "A motion to vacate a default is addressed to the sound discretion of the motion court" (New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894 [internal quotation marks omitted]; see Braynin v Dunleavy, 109 AD3d 571, 571). Here, the defendant failed to demonstrate a reasonable excuse for [*2]his default in opposing the plaintiff's motion for summary judgment. Inasmuch as the defendant failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the motion (see Delvalle v Mercedes Benz USA, LLC, 117 AD3d at 894; Turko v Daffy's, Inc., 111 AD3d 615, 617).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court