Pennymac Loan Servs., LLC v Rillen (2020 NY Slip Op 02931)





Pennymac Loan Servs., LLC v Rillen


2020 NY Slip Op 02931


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-13299
 (Index No. 3212/10)

[*1]Pennymac Loan Services, LLC, respondent, 
v
Monica Rillen, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Alanna E. McGovern and Oran Schwager of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Monica Rillen appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated September 8, 2017. The order and judgment of foreclosure and sale, upon an order of the same court (Leon Ruchelsman, J.) dated June 6, 2014, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, among other things, granted the plaintiff's motion for a judgment of foreclosure and sale, confirmed a referee's report, and directed the sale of the subject property. The appeal brings up for review so much of an order of the same court (Peter P. Sweeney, J.) dated August 22, 2017, as denied those branches of that defendant's cross motion which were pursuant to CPLR 5015(a)(1), in effect, to vacate her default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against her and for an order of reference, and to dismiss the complaint insofar as asserted against her.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
We agree with the Supreme Court's determination to deny the cross motion of the defendant Monica Rillen (hereinafter the defendant). "In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). The motion to vacate must be "made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (CPLR 5015[a][1]; see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894). Here, the defendant's cross motion, inter alia, to vacate her default in opposing the plaintiff's motion, among other things, for summary judgment was made approximately 16 months after service of the order with notice of entry. Accordingly, the cross motion was untimely (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894).
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court