Garcia v City of New York (2020 NY Slip Op 07170)





Garcia v City of New York


2020 NY Slip Op 07170


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-05845
 (Index No. 706515/15)

[*1]Brayan Garcia, etc., et al., appellants, 
v
City of New York, et al., respondents.


The Yankowitz Law Firm, P.C., Great Neck, NY (Jack A. Yankowitz and Skylar K. Yankowitz of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Susan Paulson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered April 27, 2018. The order denied the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate an order of the same court entered July 19, 2017, granting that branch of the defendants' unopposed motion which was for summary judgment dismissing the complaint.
ORDERED that the order entered April 27, 2018, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiffs' motion pursuant to CPLR 5015(a)(1) to vacate the order entered July 19, 2017, is granted, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the defendants' motion which was for summary judgment dismissing the complaint.
The infant plaintiff was arrested on April 24, 2014. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the infant plaintiff as a result of his false arrest and imprisonment. The defendants moved, among other things, for summary judgment dismissing the complaint. Due to the plaintiffs' failure to serve their opposition papers in compliance with the centralized motion part's briefing schedule, the motion was marked "submitted/no opposition," and in an order entered July 19, 2017, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, without opposition. Thereafter, the plaintiffs moved pursuant to CPLR 5015(a)(1) to vacate the order entered July 19, 2017. The court denied the motion. The plaintiffs appeal.
A party seeking to vacate a default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Wells Fargo Bank, N.A. v Fattizzo, 183 AD3d 851, 851; Turko v Daffy's, Inc., 111 AD3d 615, 616). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court (see Bank of N.Y. Mellon v Faragalla, 174 AD3d 677, 678; Mid-Hudson Properties, Inc. v Klein, 167 AD3d 862, 864). In making such a determination, the court may excuse delay or default resulting from law office failure (see CPLR 2005; Mid-Hudson Props., Inc. v Klein, 167 AD3d 862, 864).
Here, considering all of the relevant factors, including the brief six-day delay between the submission deadline set by the centralized motion part and the date the plaintiffs served their opposition papers, the lack of prejudice to the defendants, and the lack of willfulness on the part of plaintiffs' counsel, the Supreme Court improvidently exercised its discretion in not accepting the plaintiffs' excuse of law office failure for their failure to submit opposition papers on the return date set by the centralized motion part (see Narvaez v City of New York, 171 AD3d 764, 765; Young Su Hwangbo v Nastro, 153 AD3d 963, 965).
Furthermore, the plaintiffs demonstrated that they had a potentially meritorious opposition to the motion (see 210 East 60 St., LLC v Rahman, 178 AD3d 888, 889; Remote Meter Tech. of NY, Inc. v Aris Realty Corp., 83 AD3d 1030, 1032). Accordingly, the Supreme Court should have granted the plaintiffs' motion, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the defendants' motion which was for summary judgment dismissing the complaint.
The plaintiffs' remaining contentions are not properly before this Court.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court