U.S. Bank N.A. v Nosratabdi (2021 NY Slip Op 06387)





U.S. Bank N.A. v Nosratabdi


2021 NY Slip Op 06387


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2017-11569
2017-11570
 (Index No. 1076/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Rashin Nosratabdi, etc., appellant, et al., defendants.


McKinley Law P.C., Garden City, NY (Shannon Cody McKinley of counsel), for appellant.
Goodwin Proctor, LLP, New York, NY (Allison J. Schoenthal and Allison M. Funk of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rashin Nosratabdi appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated August 30, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 8, 2017. The order, insofar as appealed from, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied those branches of that defendant's motion which were pursuant to CPLR 5015(a) to vacate an order of reference of the same court entered October 27, 2016, upon her default, to dismiss the complaint insofar as asserted against her, and for relief based upon an alleged violation of 22 NYCRR 202.5. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order dated August 30, 2017, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated August 30, 2017, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated August 30, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Rashin Nosratabdi (hereinafter the defendant). After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The Supreme Court granted the plaintiff's motion on the defendant's default, and entered an order of reference in favor of the plaintiff.
The plaintiff subsequently moved to confirm the referee's report and for a judgment [*2]of foreclosure and sale. The defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the order of reference, entered upon her default in opposing the plaintiff's motion, to dismiss the complaint insofar as asserted against her, and for relief based upon an alleged violation of 22 NYCRR 202.5. The Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's motion. Thereafter, the court entered an order and judgment of foreclosure and sale. The defendant appeals.
Where a party has defaulted in opposing a motion, in order to vacate the default pursuant to CPLR 5015(a)(1), the party must demonstrate a reasonable excuse for the default and a potentially meritorious opposition to the motion (see id.; U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894; Aurora Loan Servs., LLC v Ahmed, 122 AD3d 557, 557). A motion to vacate a default is addressed to the sound discretion of the motion court (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894; Braynin v Dunleavy, 109 AD3d 571).
Here, the Supreme Court properly denied the defendant's motion, as she failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion. The defendant's assertion that her prior attorney, in effect, neglected to oppose the motion was conclusory and unsubstantiated, and therefore, did not constitute a reasonable excuse for her default (see U.S. Bank, N.A. v Blagman, 188 AD3d at 1285; Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612; One W. Bank, FSB v Valdez, 128 AD3d 655). Since the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion, it is unnecessary to consider whether she had a meritorious opposition to the plaintiff's motion (see U.S. Bank, N.A. v Blagman, 188 AD3d at 1285; New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., BRATHWAITE NELSON, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court