Deutsche Bank Natl. Trust Co. v Segal (2021 NY Slip Op 06987)





Deutsche Bank Natl. Trust Co. v Segal


2021 NY Slip Op 06987


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-01417 
2018-01418
 (Index No. 3903/11)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Lily Segal, etc., appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Shane Wax of counsel), for appellant.
Blank Rome LLP, New York, NY (Jacquelyn A. DiCicco and Diana M. Eng of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Lily Segal appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 15, 2017, and (2) a judgment of foreclosure and sale of the same court, also dated November 15, 2017. The order granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and denied the cross motion of the defendant Lily Segal, inter alia, pursuant to CPLR 5015(a) to vacate so much of an order of the same court (Ann T. Pfau, J.) dated April 24, 2014, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against her, to strike her answer, and for an order of reference, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. The judgment of foreclosure and sale, upon the order dated November 15, 2017, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order dated November 15, 2017, is dismissed; and it is further,
ORDERED that the judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated November 15, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In November 2004, the defendant Lily Segal (hereinafter the defendant) executed a note in the sum of $610,400 in favor of nonparty Fairmont Funding, Ltd., a New York Corporation (hereinafter Fairmont), which was secured by a mortgage on certain real property in Brooklyn. In [*2]or about February 2011, the plaintiff, Fairmont's successor in interest, commenced this action to foreclose the mortgage against, among others, the defendant. In February 2014, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant failed to oppose that motion. In an order dated April 24, 2014, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. According to an affidavit of service, the plaintiff served a copy of that order, with notice of entry, on the defendant's then-counsel at his last known address on May 9, 2014.
In or about December 2016, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. On April 26, 2017, the defendant cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate her default in opposing the plaintiff's prior motion and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her. In an order dated November 15, 2017, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and denied the defendant's cross motion. In a judgment of foreclosure and sale also dated November 15, 2017, the court confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion (see CPLR 5015[a][1]; Santos v Penske Truck Leasing Co., 105 AD3d 1029). Further, the motion to vacate must be "made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (CPLR 5015[a][1]; see Pennymac Loan Servs., LLC v Rillen, 183 AD3d 833, 834).
Here, the plaintiff submitted an affidavit of service of the order dated April 24, 2014, with notice of entry, which created a presumption that the order was properly mailed to the defendant's then-counsel on May 9, 2014 (see CPLR 2103[b][2]; Wells Fargo Bank, N.A. v Rindenow, 186 AD3d 782, 783). The defendant's cross motion, inter alia, to vacate her default in opposing the plaintiff's motion, among other things, for summary judgment, was made on or about April 26, 2017, nearly three years after service of the order with notice of entry. Thus, that branch of the defendant's cross motion which was pursuant to CPLR 5015(a)(1) to vacate her default in opposing the plaintiff's motion was untimely (see Pennymac Loan Servs., LLC v Rillen, 183 AD3d at 834). Further, contrary to the defendant's contention, the interests of substantial justice did not warrant vacating her default in opposing the plaintiff's motion (see Yung Chong Ho v Uppal, 130 AD3d 811, 813).
The defendant's remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court