U.S. Bank N.A. v Herman (2022 NY Slip Op 04576)

U.S. Bank N.A. v Herman

2022 NY Slip Op 04576

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.

2018-14135 
2018-14137
 (Index No. 22710/13)

[*1]U.S. Bank National Association, etc., respondent,
v
David Herman, etc., et al., defendants, Deborah Herman, etc., appellant.

Harvey Sorid, Uniondale, NY, for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Melisa Zukic of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Deborah Herman appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered September 14, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also entered September 14, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied those branches of that defendant's cross motion which were pursuant to CPLR 5015(a) to vacate an order of the same court (Peter H. Mayer, J.) dated June 1, 2016, granting the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Deborah Herman and for an order of reference, for leave to amend her answer, and to dismiss the complaint insofar as asserted against her. The order and judgment of foreclosure and sale, insofar as appealed from, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Deborah Herman (hereinafter the defendant), among others, to foreclose a mortgage on certain real property in Commack. After the defendant interposed an answer and the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant failed to oppose the motion. By order dated June 1, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to treat her answer as a limited notice of [*2]appearance, and for an order of reference.
The plaintiff subsequently moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 5015(a) to vacate the order dated June 1, 2016, for leave to amend her answer to allege the plaintiff's failure to comply with the provisions of the mortgage requiring service of a default notice as a condition precedent to acceleration of the loan, and to dismiss the complaint insofar as asserted against her. The plaintiff opposed the cross motion. By order entered September 14, 2018, the Supreme Court, inter alia, granted the plaintiff's motion and denied those branches of the defendant's cross motion which were pursuant to CPLR 5015(a) to vacate the June 1, 2016 order, for leave to amend her answer, and to dismiss the complaint insofar as asserted against her. On the same date, the court entered an order and judgment of foreclosure and sale, which, inter alia, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
"In order to vacate a default in opposing a motion pursuant to CPLR 5015(a)(1), the moving party is required to demonstrate a reasonable excuse for his or her default and a potentially meritorious opposition to the motion" (New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894 [internal quotation marks omitted]; see U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285). A motion to vacate a default is addressed to the sound discretion of the motion court (see New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894; Braynin v Dunleavy, 109 AD3d 571).
Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was pursuant to CPLR 5015(a) to vacate the June 1, 2016 order, as she failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion. The defendant's assertion of her prior counsel's law office failure was conclusory and unsubstantiated, and therefore, did not constitute a reasonable excuse for her default (see U.S. Bank N.A. v Nosratabdi, 199 AD3d 960; U.S. Bank, N.A. v Blagman, 188 AD3d at 1285; Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612). Since the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion, it is unnecessary to consider whether she had a potentially meritorious opposition to the plaintiff's motion (see U.S. Bank, N.A. v Blagman, 188 AD3d at 1285; New Century Mtge. Corp. v Chimmiri, 146 AD3d at 894).
Moreover, the Supreme Court properly denied that branch of the defendant's cross motion which was for leave to amend her answer. Since the court previously granted that branch of the plaintiff's motion which was to treat the defendant's answer as a limited notice of appearance, and the defendant failed to demonstrate her entitlement to vacatur of the court's prior order, there was no answer before the court to amend (see Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467; Wells Fargo Bank, N.A. v Fanto, 146 AD3d 1012, 1012).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court