Garry v Brooklyn Pub. Lib. (2022 NY Slip Op 04536)

Garry v Brooklyn Pub. Lib.

2022 NY Slip Op 04536

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-03991
 (Index No. 3510/16)

[*1]Darryl Garry, appellant, 
v
Brooklyn Public Library, et al., respondents, et al., defendant.

Darryl Garry, Brooklyn, NY, appellant pro se.
Eustace, Prezioso & Yapchanyk, New York, NY (Maureen E. Peknic of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated March 6, 2019. The order denied the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court dated October 25, 2018, inter alia, granting that branch of the unopposed motion of the defendants Brooklyn Public Library and its security staff and New York City which was for summary judgment dismissing the complaint insofar as asserted against them, and thereupon to compel compliance with his discovery demands.
ORDERED that the order dated March 6, 2019, is affirmed, with costs.
On June 4, 2015, the plaintiff allegedly was injured during an altercation with security guards at the Brooklyn Public Library. In an order dated October 25, 2018, the Supreme Court, inter alia, granted that branch of the unopposed motion of the defendants Brooklyn Public Library and its security staff and the City of New York, sued herein as New York City (hereinafter collectively the defendants), which was for summary judgment dismissing the complaint insofar as asserted against them. Thereafter, the plaintiff moved, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated October 25, 2018, and thereupon to compel compliance with his discovery demands. In an order dated March 6, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (Xin Zheng Zhan v City of New York, 199 AD3d 1045, 1046 [internal quotation marks omitted]; see CPLR 5015[a][1]; Halvatzis v Perrone, 199 AD3d 788; Bank of N.Y. v Attia, 172 AD3d 666, 667). Here, the plaintiff failed to demonstrate a reasonable excuse for his default, as he offered no excuse for his failure to oppose the defendants' motion, among other things, for summary judgment dismissing the complaint insofar as asserted against them (see Bank of N.Y. v Attia, 172 AD3d at 667). Given that the plaintiff failed to demonstrate a reasonable excuse for his default, we need not consider whether he offered a potentially meritorious opposition to the motion (see Halatzis v Perrone, 199 AD3d 788).
Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated October 25, 2018, and thereupon to compel compliance with his discovery demands (see New Century Mtge. Corp. v Chimmiri, 146 AD3d 893, 894).
The plaintiff's remaining contentions are not properly before this Court.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court