Nationstar Mtge., LLC v Yarmosh (2022 NY Slip Op 05091)

Nationstar Mtge., LLC v Yarmosh

2022 NY Slip Op 05091

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-03480 
2019-10588
 (Index No. 459/10)

[*1]Nationstar Mortgage, LLC, respondent,
v
Frederick Yarmosh, etc., et al., appellants, et al., defendants.

Frederick Yarmosh and Carol Yarmosh, Wheatly Heights, NY, appellants pro se.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Frederick Yarmosh and Carol Yarmosh appeal from (1) an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated January 14, 2019, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, dated May 29, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was, in effect, pursuant to CPLR 5015(a) to vacate so much of an order of the same court dated January 10, 2018, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order dated January 14, 2019, granted those branches of the plaintiff's unopposed motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order dated January 14, 2019, is dismissed; and it is further,
ORDERED that the appeal from the order and judgment of foreclosure and sale is dismissed, except insofar as it brings up for review the order dated January 14, 2019, inter alia, denying that branch of the motion of the defendants Frederick Yarmosh and Carol Yarmosh which was, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated January 10, 2018, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated January 14, 2019, must be dismissed because the [*2]right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). With respect to the appeal from the order and judgment of foreclosure and sale, no appeal lies from an order or judgment made upon the default of the appealing party (see CPLR 5511; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628; Murphy v Shaw, 34 AD3d 657, 658). However, "'an appeal from such judgment brings up for review those matters which were the subject of contest before the Supreme Court'" (Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 633, quoting Wells Fargo Bank, N.A. v Davis, 181 AD3d 890, 892; see James v Powell, 19 NY2d 249, 256 n 3). Accordingly, in this case, review is limited to so much of the order and judgment of foreclosure and sale as brings up for review the order dated January 14, 2019, inter alia, denying that branch of the motion of the defendants Frederick Yarmosh and Carol Yarmosh which was, in effect, pursuant to CPLR 5015(a) to vacate so much of an order dated January 10, 2018, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference.
In November 2004, the defendant Frederick Yarmosh executed a note in the sum of $225,000 in favor of Flagstar Bank, FSB (hereinafter Flagstar), which was secured by a mortgage executed by Frederick and the defendant Carol Yarmosh (hereinafter together the defendants) on certain real property in Wheatly Heights. In January 2010, BAC Home Loans Servicing, L.P. (hereinafter BAC), Flagstar's successor in interest, commenced this action to foreclose the mortgage. In November 2017, the plaintiff, BAC's successor in interest, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants did not oppose the plaintiff's motion. In an order dated January 10, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In October 2018, the defendants moved, inter alia, in effect, pursuant to CPLR 5015(a) to vacate so much of the order dated January 10, 2018, as granted those branches of the plaintiff's unopposed motion which were for summary judgment on the complaint insofar as asserted against them, to strike their answer, and for an order of reference. The defendants' motion was denominated as a motion for leave to renew and reargue. In a supporting affirmation, the defendants' attorney averred that he was never served with a copy of the plaintiff's motion.
In an order dated January 14, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion which was, in effect, pursuant to CPLR 5015(a) to vacate portions of the January 10, 2018 order. In an order and judgment of foreclosure and sale dated May 29, 2019, the court, among other things, granted the plaintiff's unopposed motion, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendants appeal.
"The proper procedure to cure a default in opposing a motion for summary judgment is to move to vacate the default . . . , and to appeal that determination, if necessary" (U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285 [citation omitted]). Since the January 10, 2018 order was entered on the defendants' default in opposing the plaintiff's motion, the Supreme Court should have construed the defendants' motion, although not denominated as such, as one seeking to vacate their default pursuant to CPLR 5015(a) (see U.S. Bank N.A. v Fuller-Watson, 197 AD3d 764, 767; U.S. Bank, N.A. v Blagman, 188 AD3d at 1285). Nonetheless, as set forth below, the defendants' motion was properly denied as the defendants failed to establish their entitlement to vacatur of their default in opposing the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as against them.
"A party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (U.S. Bank N.A. v Stathakis, 202 AD3d 1026, 1028; see CPLR 5015[a][1]; U.S. Bank N.A. v Nosratabdi, 199 AD3d 960, 962). "'A motion to vacate a default is addressed to the sound discretion of the court'" (BAC Home Loan Servicing, L.P. v Howell, 201 AD3d 782, 783, [*3]quoting Vujanic v Petrovic, 103 AD3d 791, 792; see Nationstar Mtge., LLC v Ramnarine, 172 AD3d 886, 886).
Here, the plaintiff's affirmation of service evidencing service of the November 2017 motion, inter alia, for summary judgment created a presumption that the motion was properly mailed to the defendants' then-counsel on December 1, 2017 (see CPLR 2103[b][2]; Kihl v Pfeffer, 94 NY2d 118, 122; Deutsche Bank Natl. Trust Co. v Segal, 200 AD3d 852, 853). "[A] mere denial of receipt is not enough to rebut this presumption" (Kihl v Pfeffer, 94 NY2d at 122), "or to raise a question of fact entitling [the defendants] to a hearing" (Rizzo v Rizzo, 176 AD3d 989, 989). The bare assertion made by the defendants' attorney, that he did not receive a copy of the plaintiff's November 2017 motion, inter alia, for summary judgment, was conclusory and unsubstantiated. It was, therefore, insufficient to rebut the presumption of service (see PennyMac Corp. v Barbosa, 189 AD3d 863, 865), or to establish a reasonable excuse for the defendants' default (see U.S. Bank N.A. v Nosratabdi, 199 AD3d at 962; U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285; Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 886-887). Since the defendants failed to establish a reasonable excuse for their default in opposing the plaintiff's motion, it is not necessary to consider whether they demonstrated a potentially meritorious opposition to the plaintiff's motion (see BAC Home Loan Servicing, L.P. v Howell, 201 AD3d 782; U.S. Bank N.A. v Nosratabdi, 199 AD3d at 962; Nationstar Mtge., LLC v Ramnarine, 172 AD3d at 887).
In light of our determination, we need not reach the defendants' remaining contentions.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court