DBI/ASG Mtge. Holdings, LLC v Nosratabdi (2025 NY Slip Op 00425)

DBI/ASG Mtge. Holdings, LLC v Nosratabdi

2025 NY Slip Op 00425

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-14182
 (Index No. 15367/13)

[*1]DBI/ASG Mortgage Holdings, LLC, respondent,
v
Rashin Nosratabdi, etc., appellant, et al., defendants.

McKinley Law, P.C., Lloyd Harbor, NY (Shannon Cody McKinley of counsel), for appellant.
Roach & Lin, P.C., Syosset, NY (Michael C. Manniello of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rashin Nosratabdi appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered September 30, 2019. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Julianne T. Capetola, J.) dated January 10, 2019.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff's predecessor in interest commenced this action to foreclose a mortgage against, among others, the defendant Rashin Nosratabdi (hereinafter the defendant). After the defendant filed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and the Supreme Court granted those branches of the plaintiff's motion. The plaintiff subsequently moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant failed to oppose the motion. In an order and judgment of foreclosure and sale dated January 10, 2019, the court granted the plaintiff's unopposed motion and directed the sale of the subject property.
The defendant moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale. In an order entered September 20, 2019, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
"[A] party seeking to vacate an order entered upon his or her default in opposing a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion" (HSBC Bank USA, N.A. v Krebs, 219 AD3d 1417, 1419; see CPLR 5015[a][1]; U.S. Bank N.A. v Nosratabdi, 199 AD3d 960, 962). "A motion to vacate a default is addressed to the sound discretion of the motion court" (U.S. Bank N.A. v Nosratabdi, 199 AD3d at 962).
Here, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(1) to vacate the order and judgment of foreclosure and sale, as she failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion to [*2]confirm the referee's report and for a judgment of foreclosure and sale. The statement of the defendant's attorney regarding a docketing error was conclusory and unsubstantiated, and therefore, did not constitute a reasonable excuse for her default (see id.; U.S. Bank, N.A. v Blagman, 188 AD3d 1284, 1285). Since the defendant failed to demonstrate a reasonable excuse for her default in opposing the plaintiff's motion, it is unnecessary to consider whether she had a meritorious opposition to the plaintiff's motion (see U.S. Bank N.A. v Nosratabdi, 199 AD3d at 962; U.S. Bank, N.A. v Blagman, 188 AD3d at 1285).
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court